EL PUEBLO, DEMANDANTE Y APELADO, *v.* SANTIAGO, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en causa por hurto de menor cuantía.

No. 1468.—Resuelto en marzo 29, 1920.

CONOCIMIENTO JUDICIAL—FUNCIONARIO CAPACITADO PARA TOMAR JURAMENTOS.—
En el presente caso la denuncia formulada ante la Corte Municipal de Maya-

güez aparece jurada ante ''F. Souffront * * * de la Corte Municipal de * * *.'' ·Objetada por el acusado por no aparecer jurada ante funcionario competente, *se resolvió:* que tanto dicha corte como la de distrito que conoció del caso *de novo* podían tomar en consideración judicial si F. Souffront era funcionario capacitado para tomar juramento y que habiéndolo estimado así, al apelante incumbía demostrar lo contrario.

HURTO—ELEMENTO ESENCIAL DEL DELITO DE HURTO.—En el delito de hurto el apoderamiento de la cosa sustraída es el elemento esencial, sin que ·sea necesario el aprovechamiento de la misma.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Angel A. Vázquez.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Se trata de recurso de apelación interpuesto por el denunciado Abraham Santiago contra sentencia que en grado de apelación y mediante celebración de nuevo juicio dictó la Corte de Distrito de Mayagüez en 22 de diciembre de 1919 condenándole como culpable ·del delito de hurto de menor cuantía a noventa días de cárcel, con abono de la prisión sufrida, y pago de las costas.

Alega el apelante como motivos del recurso: *Primero,* que la corte erró al desestimar la moción del acusado en que solicitaba éste el archivo de la denuncia por no aparecer jurada ante funcionario competente; *Segundo,* que la corte erró al desestimar la excepción perentoria de que la denuncia era insuficiente para imputar al acusado la comisión del delito de hurto.

Para la consideración de los errores apuntados estimamos conveniente insertar íntegra la denuncia, la que textualmente dice así:

·''Corte Municipal de Mayagüez, P. R.—Estados Unidos de América. El Presidente de los Estados Unidos, S. S.—*El Pueblo de Puerto Rico* vs. *Abraham Santiago.*—Yo, Luis Bravo, vecino de Mayagüez, calle Barcelona, de 32 años, formulo denuncia contra Abraham Santiago por delito hurto menor cometido de la manera que sigue: Que en octubre 22, 1919, hora 6 p. m. en el barrio Cerrote de Las Marías, del Distrito Judicial Municipal de Mayagüez, el ci-

tado Abraham Santiago voluntaria, maliciosa y criminalmente penetró en los terrenos de la hacienda ''Constancia'' de la cual soy dueño, y allí y entonces se apropió para sí y con el propósito de utilizarlo en su propio beneficio, de un almud y medio de café valorado $2 con la intención de defraudarme en esa suma, no habiéndolo realizado por haber sido sorprendido por el capataz Maximino Suárez; siendo testigos: Maximino Suárez, Manuel Muñoz Vélez, Pedro Nieva y Juan Cortés.—(Firmado) L. Bravo, Denunciante.— Jurada ante mí hoy 23 octubre de 1919.—(Firmado) F. Souffront, _____de la Corte Municipal de_____''

Del pliego de exposición del caso aparece que ciertamente el apelante opuso a la denuncia la excepción de que no aparecía jurada ante funcionario competente pues si bien el juramento fué prestado ante F. Souffront, de la Corte Municipal, no se expresa qué clase de funcionario es ni de qué corte, ignorándose por tanto si Souffront es funcionario capacitado para recibir juramentos. También aparece que el apelante alegó contra la denuncia la excepción de que en ella no se le imputaba la comisión de un delito de hurto, de acuerdo con el artículo 426 del Código Penal, pues falta la alegación esencial de que el acusado sustrajera bienes muebles de la propiedad del denunciante, y por el contrario hay la alegación de que el acusado no pudo realizar el hecho.

El primer error apuntado es insostenible. La denuncia fué hecha en la Corte Municipal de Mayagüez que originariamente conoció del caso y tanto dicha corte como la de distrito, según el artículo 36, párrafo 5°. de la Ley de Evidencia, podían tomar en consideración judicial el hecho de si Souffront, ante quien fué jurada, era funcionario capacitado para recibir juramentos. El Juez de la Corte de Mayagüez lo estimó así, y al apelante incumbía demostrar lo contrario. *El Pueblo* v. *Carrasquillo,* 22 D. P. R. 137.

Por lo que atañe al segundo error apuntado, opinamos que los hechos relatados en la denuncia constituyen la comisión de un delito de hurto puesto que en ella se asegura que el denunciado penetró maliciosa y criminalmente en los

terrenos de la hacienda "Constancia" y se apropió para si y con el propósito de defraudar al denunciante de almud y medio de café valorado en $2. Y aunque en la misma denuncia se dice que la intención de defraudar no se realizó por haber sido sorprendido el denunciado, esa circunstancia no quita a los hechos el carácter de delito de hurto pues el apoderamiento de la cosa sustraída es el elemento esencial de dicho delito, sin que sea necesario el aprovechamiento de la misma. *El Pueblo* v. *Martín,* 26 D. P. R. 648.

Es de confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.